```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


KRAFT COMPANY, INC.,
KRAFT ENTERPRISES COMPANY, INT.,

                 Plaintiffs,


vs.                                    Case No.  2:06-cv-6-FtM-29DNF


J & H MARSH & MCLENNAN OF FLORIDA,
INC., MARSH USA INC., as successor
to J  &  H  MARSH  &  MCLENNAN  OF
FLORIDA, INC.,

                 Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. #6) filed on January 9, 2006. Plaintiffs Kraft Construction Company, Inc. and Kraft Enterprises Company, Inc. (collectively referred to as "Kraft") filed their Response on February 10, 2006. (Doc. #14.)

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would

entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Secs., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is nonetheless warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Day v. Taylor</u>, 400 F.3d 1272, 1275 (11th Cir. 2005); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n.16.

**II.**

The Complaint alleges that on October 13, 1998, defendant J&H Marsh & McLennan of Florida, Inc. entered into a Contractor Controlled Insurance Program Brokerage Consulting Services Agreement (the Agreement) with Kraft. The Agreement was effective through May 2003. Pursuant to the Agreement, Marsh was obligated

to provide certain consulting services in conjunction with the creation and implementation of a Contractor Controlled Insurance Program (CCIP) for plaintiffs.  A CCIP is a type of wrap-up insurance program which seeks to distribute, share, and manage risk at construction sites.  In a traditional standard construction contract scenario, all contractors, including the prime and subcontractors, would be responsible to procure individual insurance coverage.  The CCIP allows a single insurance carrier to provide the varying coverage for all contractors at a single construction site.  Marsh's responsibilities included enrolling subcontractors, handling the various administrative duties of the CCIP such as billing procedures and insurance claims processing. Kraft asserts that it was induced to enter into the Agreement by Marsh's representations on the benefits of a CCIP and Marsh's expertise in the construction industry.

On December 2, 2005, plaintiffs filed a six-count complaint in the Circuit Court for the Twentieth Judicial Circuit, in and for Collier County, Florida. The Complaint alleges the following state law claims: (1) breach of contract (Count I); (2) breach of duty of good faith and fair dealing (Count II); (3) breach of fiduciary duty (Count III); (4) unjust enrichment (Count IV); (5) negligent misrepresentation (Count V); and (6) negligence (Count VI)[1].  Marsh

---

[1] Plaintiffs have labeled both the negligent misrepresentation and the negligence claims as Count V.  The Court, however, notes that this was likely a typographical error and will treat the
(continued...)

removed the action to federal court on January 4, 2006 (Doc. #1), and then moved to dismiss the Complaint for failure to state a claim (Doc. #6). Marsh contends that Kraft is precluded from bringing Counts II-VI because these claims are barred by Florida's economic loss rule. Additionally, Marsh argues that the Count IV (unjust enrichment) is not a cognizable claim where an express contract exists between the parties.

### III.

"Under the Erie doctrine, a federal court adjudicating state law claims applies the substantive law of the state." Sphinx Int'l, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 412 F.3d 1224, 1227 (11th Cir. 2005)(citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Under Florida law, "[t]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North Am. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." American Aviation, 892 So. 2d at 536. One recognized exception to the economic loss rule, however, permits a tort action where the tort was committed independently of the

---

[1](...continued)
negligence claim as Count VI.

-4-

contract breach, such as fraud in the inducement. <u>American Aviation</u>, 892 So. 2d at 537, 543, citing <u>HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.</u>, 685 S. 2d 1238 (Fla. 1996).

"The test to determine if the economic loss rule applies is to ask if the fraud alleged is in an act of performance or in a term of the bargain." <u>D & M Jupiter, Inc. v. Friedopfer</u>, 853 So. 2d 485, 487 (Fla. 4th DCA 2003)(citing <u>Allen v. Stephan Co.</u>, 784 So. 2d 456, 457 (Fla. 4th DCA 2000)). "[W]hen the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'" <u>Id.</u>

As to Count II, the economic loss rule does not bar the claim for breach of the duty of good faith and fair dealing because that cause of action sounds in contract, and not in tort. It is well settled that Florida law recognizes an implied covenant of good faith and fair dealing which attaches to the performance of each specific contractual obligation. <u>Ernie Haire Ford, Inc. v. Ford Motor Co.</u>, 260 F.3d 1285, 1291 (11th Cir. 2001). This is part of Florida's contract law, not an independent tort.

As to Count III, the Court finds that a claim for breach of fiduciary duty is not barred by the Florida economic loss rule. <u>See</u> <u>Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.</u>, 842 So. 2d 204, 209 (Fla. 3rd DCA 2003), and cases cited therein (breach of fiduciary duty claim not barred by economic loss rule even if there is an underlying contract); <u>Invo Fla., Inc. v. Somerset Venturer, Inc.</u>, 751 So. 2d 1263, 1266-67 (Fla. 3rd DCA 2000)(same).

Count IV alleges a claim for unjust enrichment based upon money paid to defendant pursuant to the contract. This claim clearly arises out of the performance of the contract, and is therefore barred by the economic loss rule. Additionally, Marsh contends that Kraft fails to state a claim for unjust enrichment because an express contract exists between the parties. Here, it is undisputed that Kraft and Marsh entered into a contract in which Marsh agreed to provide insurance brokerage services, including insurance procurement, administration of the policies, and claims resolution. The Court finds that a claim for unjust enrichment is unavailable to Kraft because of the existence of a legal remedy. Therefore, Count IV is due to be dismissed.

Count V essentially alleges a claim for fraudulent inducement. Such a claim is not barred by the Florida economic loss rule. <u>American Aviation</u>, 891 So. 2d at 537 (claim for economic damage based on fraud in the inducement is independent tort and thus actionable despite existence of contract between the parties).

Count VI alleges negligence by failing to use reasonable care, skill and judgment in the performance of the contract. This is clearly a matter within the scope of the Florida economic loss rule, and is therefore barred as a claim.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #6) is **GRANTED IN PART AND DENIED IN PART**.  The Motion is granted as to Count IV and Count VI, and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of July, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record